```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ROBERT JONES,

                Plaintiff,
                                            MEMORANDUM & ORDER
      -against-                             16-CV-1289 (KAM)(LB)

CITY OF NEW YORK;
Police Officers at the 102nd
Precinct in their Official and
Individual Capacities JOHN DOE #1;
JOHN DOE #2; and JOHN DOE #3,

                Defendants.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

Plaintiff Robert Jones, currently incarcerated at the Robert N. Davoren Complex ("RNDC") at Rikers Island, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is GRANTED. For the reasons discussed below, plaintiff's claims against the City of New York are dismissed. Plaintiff's claims against Police Officers John Doe #1, John Doe #2 and John Doe #3, however, shall proceed.

## **LEGAL STANDARD**

At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint*. Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009)). A complaint must plead sufficient facts to "state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 93-95 (2007).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b)(1)-(2); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory).

## **DISCUSSION**

Plaintiff alleges that he was visiting his sister at her apartment in Brooklyn on an unspecified date when three police

2

officers from the 102nd precinct in Queens[1] entered the apartment without a warrant. (ECF No. 1, Complaint ("Compl.") at 2, 8.)[1] Plaintiff was subsequently arrested and charged with grand larceny. (*Id.* at 9.) On March 5, 2016, plaintiff commenced this action alleging false arrest and malicious prosecution in connection with the events described in his complaint. (*Id.* at 10-13.) Plaintiff names the City of New York and John Doe Police Officers #1-3 from the 102nd Precinct who were allegedly involved in the arrest. Plaintiff seeks monetary damages. (*Id.* at 10-13.)

Plaintiff's claims against the City of New York must be dismissed, as he fails to allege any facts demonstrating that an officially adopted policy or custom of the City of New York caused a violation of his federally protected rights. *See Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997); *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[T]o hold a city liable under section 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional

---

[1] The caption of plaintiff's complaint describes officers at the 102nd precinct (Compl. at 1), but in the body of his complaint he describes officers in the 120th precinct. (*Id.* at 8-9.) Because he alleges that the officers were from Queens (*id.* at 1), the court will assume that the officers were from the 102nd precinct, which falls within Queens, rather than the 120th precinct, which falls within Staten Island. *See* Precinct Finder, New York Police Department, available at http://www.nyc.gov/html/nypd/html/precinct_maps/precinct_finder.shtml.

[1] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

right." *Torraco v. Port Auth. of N.Y. and N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (internal quotation marks and citation omitted). Although plaintiff names the City of New York in the caption of his complaint, he does not allege any facts in the body of his complaint to support a *Monell* claim. *See Merced v. City of New York*, No. 14-CV-6285, 2014 WL 5682516, at *2 (E.D.N.Y. Nov. 3, 2014) ("Plaintiff's Complaint cannot reasonably be interpreted to allege facts sufficient to show that any alleged injury was caused by any policy or custom of the City." (internal quotation marks and citation omitted)); *see also Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) (collecting cases dismissing *Monell* claims where complaints provided no factual allegations sufficient to establish municipal liability).

## CONCLUSION

Accordingly, plaintiff's claims against the City of New York are dismissed. No summons shall issue as to the City of New York and the Clerk of Court is directed to amend the caption to reflect the City's dismissal.

Plaintiff's claims against Police Officers John Doe #1, John Doe #2 and John Doe #3 of the 102nd Precinct, however, shall proceed. As the true identities of the remaining defendants are unknown at this time, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (per curiam), the court directs that the Corporation Counsel of the City of New York ascertain the full

4

names of the John Doe defendants who were allegedly involved in plaintiff's arrest. Corporation Counsel is also requested to provide the addresses where the defendants can currently be served. The Corporation Counsel need not undertake to defend or indemnify the individuals at this juncture. This memorandum and order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*. The Corporation Counsel is requested to produce the information specified regarding the identity of the John Doe defendants within forty-five (45) days from the entry of this order.

Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall issue and the United States Marshal Service shall serve the summonses, the complaint, and this order upon them without prepayment of fees. As noted above, plaintiff's request to proceed *in forma pauperis* is GRANTED.

The Clerk of Court shall send a copy of this Order to plaintiff and to the Corporation Counsel for the City of New York. The case is referred to Magistrate Judge Lois Bloom for pretrial supervision. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:    August 19, 2016
         Brooklyn, New York

                              _____/s/_____
                              **KIYO A. MATSUMOTO**
                              United States District Judge
                              Eastern District of New York